# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : MAGISTRATE NO. 17-945 -M |
| THEODORE PRICE | : |

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Defendant Theodore Price presents both a danger to the community and a risk of flight. He has admitted to having substantial expertise with software and computers, and to the ability to access and purchase black market items on the Dark net. When approached by authorities, Price admitted that he had defrauded others of over $40 million in Bitcoin, and that he currently possesses sole access to that currency. Price also possessed the personal identifying information (names, social security numbers, dates of birth, etc.) of numerous individuals, and numerous stolen credit card numbers, including those on cards belonging to his girlfriend, her father, and her deceased grandmother.

The defendant was initially arrested by local authorities in Northampton Township, Pennsylvania, after his girlfriend and her father reported that the defendant had stolen their computers, and after his girlfriend and father brought to the police two computer bags believed to contain their stolen computers. Among the items actually recovered from those computer bags were: credit cards in the father's name, lists of Bitcoin private keys, documents containing pages and pages of personal identifying information of others, and digital storage devices, among other things.

The defendant poses a danger to the community. He had in his possession stolen credit cards and credit card numbers, and the personal identifying information of numerous other

individuals. Investigation by local authorities has revealed that the credit cards of several persons for whom the defendant has personal information have already been compromised. The defendant has the means and the ability to commit identity theft and access device fraud on a large scale. Because of his professed and demonstrated expertise with computers and the Dark net, there is no way to ensure that if released, the defendant will not continue his illicit activities in a manner that by definition, through use of the Dark net, make his actions difficult or impossible to monitor and track.

The defendant also presents a tremendous risk of flight. The defendant has sole access to a large number of fraudulently obtained Bitcoin private keys. The estimated value of Bitcoin associated with the fraudulently obtained private keys is over $40 million. The defendant told law enforcement that before being apprehended, and while knowing that the police were coming for him, he had contacted a private jet service to fly him to a private air strip in London and flee using his fake passport. The government is unsure of the true extent of financial resources the defendant has access to beyond the approximately $40 million in fraudulently obtained Bitcoin, and has yet to recover the defendant's fake passport. Insofar as the defendant had the ability to obtain a fake passport in the first instance, he has the ability to do it again, especially in light of his expertise with computers and the Dark net.

Because no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and pretrial detention of the defendant.

I.   **THE FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

A.   **Probable Cause And The Evidence In This Case**

1. There is probable cause to believe that the defendant has violated Title 18, United States Code, Sections 1028(a)(7) (identity theft) and 1029(a)(3) (access device fraud), as charged in the amended criminal complaint filed on July 18, 2017.

2. The evidence in this case is strong.

   a. The defendant possessed personal identifying information including names, social security numbers, dates of birth, and internet protocols, as well as credit card numbers for numerous individuals. The defendant already has used some of that information to compromise the credit card accounts of several individuals.

   b. The defendant possessed numerous fraudulently obtained Bitcoin private keys. The estimated value of the Bitcoin controlled by those private keys is over $40 million.

   c. The defendant admitted to investigators that he uses Bitcoin to purchase things like "credit card dumps" from Alpha Bay on the Dark net. The phrase "credit card dump" refers to the unauthorized copying of all information contained in the magnetic strip of an active credit card belonging to another person.

   d. The defendant admitted to investigators that, while knowing the police were looking for him, he contacted a company to rent a private jet and fly to London to

flee. Based upon the amount of Bitcoin at the defendant's disposal, and his extensive knowledge of computers and the Dark net, the defendant had the ability to flee in such a manner.

    e. By way of explaining his facility with computers and software, the defendant stated that companies and foreign governments hire him to penetrate computer networks. Specifically, the defendant claimed to be hired to develop and deploy Trojan software.

**B.** **Maximum Penalties**

The total maximum penalty defendant faces is as follows: with regard to the violation of 18 U.S.C.§ 1028(a)(7) the defendant faces a statutory maximum 5 years in prison, not more than 3 years of supervised release, a $250,000 fine, and a $100 special assessment. With regard to the violation of 18 U.S.C. § 1029(a)(3), the defendant faces a statutory maximum 10 years in prison, not more than 3 years of supervised release, a $250,000 fine and a $100 special assessment.

The estimated guidelines range for the charged offenses is 121-151 months imprisonment. Accordingly, the defendant has a substantial incentive to flee. The defendant also has admitted to having a fake passport, and to having contacted a company to rent a private plane to flee to Europe.

**C.** **Criminal Record**

The defendant has no prior criminal record.

**D.** **Lack Of Community Ties/Employment**

  1. The defendant reports he is unemployed.

2. The defendant possessed the personal identifying information and credit card numbers of numerous individuals, and claims to travel extensively outside the United States. The defendant also claims to have a fake passport.

3. While the defendant does have family ties to the community, including a young son, those ties did not stop the defendant from beginning to execute a plan to flee when he knew authorities were looking for him.

## II. <u>CONCLUSION</u>

When all these factors are viewed in light of the substantial sentence defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and the safety of the community.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

LOUIS D. LAPPEN
Acting United States Attorney


*/s/Lesley S. Bonney*
LESLEY S. BONNEY
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE NO. 17-945 -M |
| THEODORE PRICE | : | |

## PRETRIAL DETENTION ORDER

AND NOW, this    day of July, 2017, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e), because no condition or combination of conditions will reasonably assure the defendant's appearance, and the defendant is a danger to the community:

1. There is probable cause to believe that the defendant has violated 18 U.S.C. §§ 1028(a)(7) and 1029.

2. The evidence in this case is strong. The defendant has admitted having substantial expertise with software and computers, and the ability to access and purchase black market items on the Dark net. When approached by authorities, Price admitted that he had defrauded others of over $40 million in Bitcoin, and that he currently possesses sole access to that currency. Price also possessed the personal identifying information (names, social security numbers, dates of birth, etc.) of numerous individuals, and numerous stolen credit card numbers, including those on cards belonging to his girlfriend, her father, and her deceased grandmother.

. The defendant told law enforcement that before being apprehended, and while knowing that the police were coming for him, he had contacted a private jet service to fly him to a private air strip in London and flee using his fake passport. The government is unsure of the true extent of financial resources the defendant has access to beyond the approximately $40 million in fraudulently obtained Bitcoin, and has yet to recover the defendant's fake passport. Insofar as the defendant had the ability to obtain a fake passport in the first instance, he has the ability to do it again, especially in light of his expertise with computers and the Dark net.

2. The total maximum statutory penalty defendant faces with regard to the violation of 18 U.S.C.§ 1028(a)(7) the defendant faces a statutory maximum 5 years in prison, not more than 3 years of supervised release, a $250,000 fine, and a $100 special assessment. With regard to the violation of 18 U.S.C. § 1029(a)(3), the defendant faces a statutory maximum 10 years in prison, not more than 3 years of supervised release, a $250,000 fine and a $100 special assessment.

The estimated guidelines range for the charged offenses is 121-151 months imprisonment. Accordingly, the defendant has a substantial incentive to flee. The defendant also

has admitted to having a fake passport, and to having contacted a company to rent a private plane to flee to Europe.

      3.      The defendant is unemployed. While he has family ties to the community, based upon his admissions regarding planning to flee, those ties are not strong enough to prevent the defendant from fleeing.

      4.      The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE TIMOTHY R. RICE
United States Magistrate Judge

CERTIFICATE OF SERVICE

       I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by email on the following defense counsel:

>Kathy Henry, Esquire
>Defender Association of Philadelphia
>Federal Court Division
>The Curtis Center Building
>601 Walnut Street, Suite 540 West
>Independence Square West
>Philadelphia, PA 19106

                                              */s/Lesley S. Bonney*
                                              LESLEY S. BONNEY
                                              Assistant United States Attorney

Date: July 18, 2017